The People of the State of New York, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK, Petitioner,

against
Donald Trump, DONALD TRUMP, IVANKA TRUMP, ERIC TRUMP, THE DONALD J. TRUMP FOUNDATION, Respondents.


451130/2018 

Letitia James, Attorney General of the State of New York, New York City (Yael Fuchs) for petitioner The People of the State of New York.
Law Offices of Alan S. Futerfas, New York City (Alan S. Futerfas) and Mukasey Frenchman & Sklaroff LLP, New York City (Marc L. Mukasey) for respondents Donald J. Trump, Donald J. Trump Jr., Ivanka Trump, Eric Trump and The Donald J. Trump Foundation.


Saliann Scarpulla, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 60, 62, 111, 112, 116, 124, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137 were read on this petition to/for JUDGMENT - DECLARATORY.
This judicial dissolution proceeding was commenced by the Attorney General of the State of New York on behalf of the People of the State of New York ("Attorney General") against The Donald J. Trump Foundation (the "Foundation"), and the Foundation's officers, directors, and board members: Donald J. Trump ("Mr. Trump"); Donald J. Trump Jr.; Ivanka Trump; and Eric F. Trump (collectively, "Individual Respondents" and without Mr. Trump, [*2]"Stipulating Respondents"). The petition alleges causes of action for: (1) breach of fiduciary duty and waste under New York's Not-for- Profit Corporation Law ("N-PCL") against the Individual Respondents; (2) failure properly to administer Foundation assets and waste under New York's Estates, Powers and Trusts Law ("EPTL") against the Individual Respondents; (3) wrongful related party transactions against Mr. Trump as defined in the N-PCL and EPTL; (4) dissolution of the Foundation under the N-PCL §§ 112 and 1101; (5) dissolution of the Foundation under the N-PCL §§ 112 and 1102; and (6) an injunction pending resolution of this proceeding.
On August 31, 2018, respondents moved to dismiss the petition in its entirety. In a decision and order dated November 21, 2018, I sustained the first five causes of action, dismissed the sixth cause of action for an injunction, and directed respondents to answer the petition.
Thereafter, at my urging, the parties set out to consensually resolve this proceeding. Over the course of the next several months, the Attorney General and the Individual Respondents reached a resolution of most of the Attorney General's claims.
Thus, by stipulation and order dated December 19, 2018, the Attorney General and the Foundation agreed to dissolve the Foundation under judicial supervision pursuant to N-PCL Article 11, annul its certificate of incorporation, and terminate its corporate existence ("Dissolution Stipulation"). Pursuant to the Dissolution Stipulation, the parties jointly submitted a list of not-for-profit organizations ("Approved Recipients") to me which they proposed would receive distributions from the Foundation's remaining liquid assets upon the issuance of a final order of dissolution. I approved the list as a broad- based and thoughtful final distribution of the Foundation's remaining assets.[FN1]

The Attorney General and the Foundation entered into a subsequent stipulation dated October 1, 2019, whereby these parties agreed: (1) on the procedure for the equal distribution of the Foundation's remaining liquid assets — $1,782,910.92 — to the Approved Recipients ("Distribution Stipulation"); and (2) to waive N-PCL §1104(b)'s publication requirements.
The Attorney General and the Stipulating Respondents entered into a third stipulation dated October 1, 2019 ("Board Training Stipulation"), whereby the Stipulating Respondents certified that they had each completed an in-person, interactive board training session pertaining to charitable organizations and the fiduciary responsibilities of those organizations' directors and officers. In turn, the Attorney General agreed to dismiss the Stipulating Respondents from this proceeding with prejudice.
On October 1, 2019, the Attorney General entered into a stipulation of final settlement ("Final Stipulation") with the Foundation and Mr. Trump. In the Final Stipulation, Mr. Trump agreed to reimburse $11,525 to the Foundation for the Foundation's payment of auction items at a charitable benefit, and to pay any additional amount that may be owed in connection with this proceeding, which amount is to be determined by me as set forth in more detail below.
The Final Stipulation also recited requirements with which Mr. Trump must comply, should he wish to serve as an officer or director of a new or pre-existing charitable organization [*3]in New York.[FN2]
Additionally, the Final Stipulation resolved damages for alleged waste resulting from improper uses of Foundation assets, except for those arising out of the allegedly improper use of the Foundation and distribution of the $2,823,000 received by the Foundation ("Funds") from Mr. Trump's televised fundraiser in Des Moines, Iowa on January 28, 2016 ("Fundraiser").
I commend the Attorney General and the attorneys for the Individual Respondents for their consensual resolution of the bulk of this proceeding. As New York's Chief Judge Janet DiFiore stated in her 2019 State of Our Judiciary Address, "[t]he time is right to provide litigants and lawyers with a broader range of options to resolve disputes without the high monetary and emotional costs of conventional litigation." Those words are borne out in this proceeding. Without sacrificing zealous representation of their clients, the Attorney General and the attorneys for the Individual Respondents were able to directly negotiate the Dissolution Stipulation, Distribution Stipulation, Board Training Stipulation, and Final Stipulation without extensive court intervention.
The sole remaining issue — which the parties agreed would be determined by me — is the amount of any additional payment owed by Mr. Trump arising out of the allegedly improper use of the Foundation and distribution of the Funds received by the Foundation from Mr. Trump's Fundraiser. Upon my determination of any additional amount to be paid by Mr. Trump, the parties agreed to withdraw and discontinue with prejudice the remaining causes of action not previously dismissed.
As a director of the Foundation, Mr. Trump owed fiduciary duties to the Foundation, pursuant to N-PCL § 717; he was a trustee of the Foundation's charitable assets and was thereby responsible for the proper administration of these assets, pursuant to EPTL § 8-1.4. A review of the record, including the factual admissions in the Final Stipulation, establishes that Mr. Trump [*4]breached his fiduciary duty to the Foundation and that waste occurred to the Foundation.[FN3]

Mr. Trump's fiduciary duty breaches included allowing his campaign to orchestrate the Fundraiser, allowing his campaign, instead of the Foundation, to direct distribution of the Funds, and using the Fundraiser and distribution of the Funds to further Mr. Trump's political campaign.
The Attorney General has argued that I should award damages for waste of the entire $2,823,000 that was donated directly to the Foundation at the Fundraiser. In opposition, Mr. Trump notes that the Foundation ultimately disbursed all of the Funds to charitable organizations and that he has sought to resolve consensually this proceeding.
As stated above, I find that the $2,823,000 raised at the Fundraiser was used for Mr. Trump's political campaign and disbursed by Mr. Trump's campaign staff, rather than by the Foundation, in violation of N-PCL §§ 717 and 720 and EPTL §§ 8-1.4 and 8-1.8. However, taking into consideration that the Funds did ultimately reach their intended destinations, i.e., charitable organizations supporting veterans, I award damages on the breach of fiduciary duty/waste claim against Mr. Trump in the amount of $2,000,000, without interest, rather than the entire $2,823,000 sought by the Attorney General. Further, because the parties have agreed to dissolve the Foundation, I direct Mr. Trump to pay the $2,000,000, which would have gone to the Foundation if it were still in existence, on a pro rata basis to the Approved Recipients.
Finally, the Attorney General seeks an order requiring Mr. Trump to pay a statutory penalty of twice the amount of general damages. "Punitive damages are not to compensate the injured party but rather to punish the tortfeasor and to deter this wrongdoer and others similarly situated from indulging in the same conduct in the future." Ross v Louise Wise Services, Inc., 8 NY3d 478, 489 (2007) (citations omitted).
Here, Mr. Trump has stipulated to a number of proactive conditions so that the conduct which engendered this petition should not occur in the future. For this reason, I decline to award penalty damages.
In accordance with the foregoing, it is hereby
ORDERED that judgment is awarded on the petition's first and second causes of action for breach of fiduciary duty to the extent described above;[FN4]
and it is further
ORDERED that the petitioner is directed to settle judgment on notice. This constitutes the decision and order of the Court.
DATE 11/7/19



Footnotes

Footnote 1:The Approved Recipients are: Army Emergency Relief; Children's Aid Society; City Meals-on-Wheels; Give an Hour; Martha's Table; United Negro College Fund; United Way of Capital Area; and US Holocaust Memorial Museum.

Footnote 2:As per the Final Stipulation, if Mr. Trump opts to serve as an officer or director of a pre-existing New York charitable organization, he may only do so if the organization: "(i) engages counsel with expertise in New York not-for-profit law to advise the organization and its officers and directors on compliance with all applicable laws, regulations, and accepted practices; (ii) engages the services of an accounting firm to monitor and audit the charity's grants and expenses annually; (iii) has a majority of the board members that are independent, i.e., they have no familial or business relationship with Mr. Trump or any entity owned by Mr. Trump or his relatives, as defined in N-PCL section 102(a)(22) (referred to herein as "family members"); and (iv) agrees not to engage in any related party transactions as defined in N-PCL section 102(a)(24) with Mr. Trump, his family members or any entity owned or controlled by Mr. Trump or his family members (a 'Trump Entity') and agrees to otherwise comply with N-PCL section 715." The same requirements must be met if Mr. Trump decides to form a new charitable organization and serve as its officer or director. Further, the Final Stipulation provides that should Mr. Trump serve as an officer or director of a new charitable organization, he must also meet the following additional requirements: (i) the newly formed organization will provide the Attorney General with annual reports for five years; (ii) the newly formed charitable organization will enact specific corporate governance procedures; and (iii) Mr. Trump will maintain a working familiarity with the applicable New York rules and laws governing charitable organizations and their officers and directors, for as long as he holds either position.

Footnote 3:For example, the Final Stipulation states that Mr. Trump's campaign, rather than the Foundation: (1) "planned" and "organized" the Fundraiser; and (2) "directed the timing, amounts, and recipients of the Foundation's grants to charitable organizations supporting military veterans."

Footnote 4:The petition's remaining causes of action are either moot or have been settled pursuant to the Final Stipulation.